ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KENNY RAY CRAIG, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 312-042 |
| | ) |
| BRIAN OWENS, Commissioner of | ) |
| Georgia Department of Corrections, and | ) |
| JASON MEDLIN, Warden of Wheeler | ) |
| Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 11). The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice as a sanction for abusing the judicial process by providing dishonest information about his prior filing history. (Doc. no. 7.) The Magistrate Judge based this recommendation on the finding that Plaintiff stated, under penalty of perjury, that he had only filed one prior action in federal court, whereas Plaintiff's filing history revealed that he had previously filed at least one additional case aside from the one he disclosed.[1] (Id. at 2-3.) The Magistrate Judge additionally noted that Plaintiff averred that he had never had a case dismissed for

---

[1] The prior case that Plaintiff failed to disclose is Craig v. Telfair State Prison, CV 302-065 (S.D. Ga. Jan. 13, 2003), which was transferred to this District after being originally filed in the Middle District of Georgia. See Craig v. Telfair State Prison, CV 502-351 (M.D. Ga. Oct. 3, 2002) (hereinafter "CV 502-351").

failure to state a claim upon which relief may be granted, whereas the prior case he disclosed, Craig v. Williams, CV 507-377 (M.D. Ga. Sept. 16, 2008) (hereinafter "CV 507-377"), was dismissed for that very reason. (Id. at 3 & n.4.)

In his objections, Plaintiff avers that he has no knowledge or memory of the prior lawsuit that he was found to have improperly failed to disclose, and he states that the case "does not belong to him." In addition, Plaintiff "notes that this instant claim involves severe head trauma," and he asserts that "it is possible that his memory has been damaged by the injuries [alleged] in this action." (Doc. no. 11, pp. 1-2.) Plaintiff also states that he did not know that CV 507-377 was dismissed for failure to state a claim because "he did not have actual access to the copies of the dismissal of the case" and because, although he knew that the action had been dismissed, given his lack of legal training, he "has no idea what 'failure to state a claim' actually means." (Id. at 2.)

The Court finds these objections without merit. Contrary to Plaintiff's assertion that the prior action he failed to disclose "does not belong to him," the initial filing in that case bears his signature, and the prisoner identification number provided in that filing belongs to him. See CV 502-351, doc. no. 1, p. 7. Moreover, the Court declines to exempt Plaintiff from the sanction recommended in the R&R based on the self-diagnosed memory problems he states he may have suffered as a result of the head injuries alleged in his complaint. Plaintiff should have brought any such issue to the Court's attention rather than affirmatively stating under penalty of perjury that he had only filed one prior action. Similarly, given Plaintiff's admitted knowledge that CV 507-377 was dismissed, he should not have

affirmatively stated that it was not dismissed for failure to state a claim if he was unaware or lacked understanding of that fact.

In sum, Plaintiff's objections provide no basis for departing from the Magistrate Judge's recommendation. As a result, the objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.

SO ORDERED this 3rd day of August, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE